IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CARLOS HUITRON MARTINEZ, | § | |
| 43160-177, | § | |
|     Petitioner, | § | |
| | § | 3:12-CV-1056-K |
| v. | § | 3:11-CR-146-K (21) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner's motion to vacate, set-aside, or correct sentence pursuant 28 U.S.C. § 2255.

## I.  Procedural Background

Pursuant to a plea agreement, Petitioner pled guilty to conspiring to possess methamphetamine with intent to distribute. On March 21, 2012, the Court sentenced Petitioner to 168 months in prison. He did not file a direct appeal.

On March 30, 2012, Petitioner filed the instant § 2255 petition. He argues:

1. His guilty plea was rendered unknowing and involuntary because his trial counsel and the government unlawfully retained his legal papers and failed to disclose favorable evidence;

2. His trial counsel was ineffective when he failed to file a motion to suppress and failed to explain the sentencing range; and

3. His trial counsel was ineffective when he failed to properly investigate the

case and seek a continuance of the sentence hearing so Petitioner could take advantage of the Fast-Track program.

On September 13, 2012, Petitioner filed a reply to Respondent's answer. In his reply, he adds the claims that:

1. Counsel was ineffective because counsel was unable to effective communicate with Petitioner due to a language barrier;

2. Counsel was ineffective because he misled Petitioner regarding his possible sentence; and

3. Counsel was ineffective because he did not review the PSR with him.

## II. Factual Background

The following factual background is taken from Petitioner's Factual Resume.

Beginning on or about May 2011, in the Dallas Division of the Northern District of Texas and elsewhere, the Defendant and other persons both known and unknown to him, agreed to and engaged in the distribution of over 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

Defendant admits and acknowledges that in May 2011, he entered into a conspiracy which distributed multi-kilogram quantities of "ice" (a mixture or substance containing d-methamphetamine hydrochloride of at least 80% purity) from a Mexico-based source of supply. Defendant admits and acknowledges that his role was to distribute ice in the Dallas area for a Mexican-based drug trafficking organization.

Defendant stipulated that agents of the Drug Enforcement Administration ("DEA") observed him meet with his co-defendant Regino Estrada-Villegas and a confidential source ("CS") on May 26, 2011.  During that meeting, Defendant admits and acknowledges that he and co-defendant Estrada-Villegas sold the CS approximately 145 grams of methamphetamine in the Northern District of Texas.

In addition, Defendant stipulates that on June 7, 2011, Texas Department of Public Safety  Narcotics agents and DEA agents lawfully executed a federal search warrant at 3511 Bolivar, apartment 312, in Dallas in the Northern District of Texas. Defendant, the only occupant of the apartment, was arrested inside the one-bedroom apartment when he was found lying in a bed in a bedroom.  Agents also found in the kitchen of the apartment more than one and a half pounds of what Defendant agrees and stipulates is methamphetamine.

Defendant agrees and stipulates that the total amount of ice for which Defendant is accountable during the conspiracy exceeds 500 grams of ice.  Defendant admits and acknowledges that beginning in May 2011, and continuing thereafter until June 21, 2011, in the Dallas Division of the Northern District of Texas and elsewhere, he and other co-conspirators both named and not named in his indictment did knowingly, intentionally and unlawfully combine, conspire, confederate, and agree together, with each other and with other persons both known and unknown, to possess with the intent to distribute and to distribute 500 grams or more of a mixture or substance containing

methamphetamine.

### III. Discussion

**1.    Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective

assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

**2.     Guilty Plea**

In this case, Petitioner argues his guilty plea was involuntary due to the ineffective assistance of counsel.

A defendant's guilty plea must be made voluntarily, and the defendant must "make related waivers knowing[ly], intelligent[ly], [and] with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Ruiz*, 536 U.S. 622, 628 (2002) (quoting *Brady v. United States*, 397 U.S. 742, 748 (1970)). A determination of whether a defendant understands the consequences of his guilty plea does not require a trial court to determine that the defendant has a perfect understanding of the consequences, however. The court must only ascertain whether the defendant has a realistic or reasonable understanding of his plea. *See United States v. Gracia*, 983 F.2d 625, 627-28 (5th Cir. 1993).

Courts considering challenges to guilty plea proceedings "have focused on three core concerns: absence of coercion, the defendant's understanding of the charges, and

a realistic understanding of the consequences of the guilty plea." *Gracia*, 983 F.2d at 627-28.  A realistic understanding of the consequences of a guilty plea means that the defendant knows the "immediate and automatic consequences of that plea such as the maximum sentence length or fine." *Duke v. Cockrell*, 292 F.3d 414, 416 (5th Cir. 2002). Further, "[w]hen the record of the Rule 11 hearing clearly indicates that a defendant has read and understands his plea agreement, and that he has raised no question regarding a waiver-of-appeal provision, the defendant will be held to the bargain to which he agreed." *United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005) (*quoting United States v. Portillo*, 18 F.3d 290, 293 (5th Cir. 1994)).

### A.  Language Barrier

Petitioner states his counsel was ineffective because he could not adequately confer with Petitioner due to a language barrier.  Petitioner states he does not speak or understand English, which rendered his guilty plea involuntary.  The record shows that a Spanish language interpreter was present at both the guilty plea proceedings and the sentencing proceedings. (Rearr. Tr. at 8; Sent. Tr. at 2.) Petitioner stated he understood the interpreter.  (Rearr. Tr. at 8.)  Petitioner also acknowledged that the superceding indictment, plea papers and factual resume were translated into Spanish for him, that he understood the papers and that he agreed to the statements contained within the documents. (*Id*. at 8-9, 16-18, 22-23, 25.)  Petitioner stated he discussed the case and the sentencing guidelines with his attorney, and he agreed he was "fully satisfied with

the representation and advice" he received from his counsel. (*Id.* at 11, 16-18.) After the government read the essential elements of the offense, Petitioner admitted he committed each essential element. (*Id.* at 17-18.) Petitioner was read the minimum and maximum penalties for the offense, and he stated he understood the penalties. (*Id.* at 20-21.) Finally, Petitioner stated he was pleading guilty freely and voluntarily. (*Id.* at 22.) Petitioner has failed to show that his guilty plea was involuntarily or unknowingly entered, or that he received ineffective assistance of counsel.

### B. Legal Papers/Favorable Evidence

Petitioner argues his counsel was ineffective when counsel and the government withheld his legal papers and failed to disclose favorable evidence. Petitioner does not identify the legal papers allegedly withheld or describe how this prejudiced the defense. He has also failed to identify the allegedly favorable evidence that was not disclosed. Petitioner's claims are conclusory and are denied.

### C. Claims of Inadequate Counsel

Petitioner argues his counsel was ineffective because he failed to file a motion to suppress, misled Petitioner regarding the range of punishment, and failed to review the PSR with him.

Petitioner has stated no basis for suppressing any of the evidence in this case, and has failed to explain how he was prejudiced by his counsel's alleged failure to fully explain the PSR to him. Additionally, the record shows Petitioner was fully informed

regarding the range of punishment. During the plea proceedings, Petitioner was read the minimum and maximum penalties applicable to his case. (Rearr. at 20.) Petitioner stated he understood the penalties. (*Id.* at 21.) He also stated that he discussed with his attorney how the sentencing guidelines might apply to his case. (*Id*. at 11.) The plea agreement also stated the minimum and maximum penalties for Petitioner's offense. Petitioner stated the plea agreement was read to him in Spanish and that he understood and signed the plea agreement. (*Id*. at 18.) Petitioner's claims are without merit and are denied.

### D.     Fast-Track

Petitioner argues his counsel was ineffective because counsel failed to request a continuance of the sentencing hearing so that Petitioner could benefit from the Fast-Track program. More than a month before Petitioner's sentencing, the Department of Justice announced a nationwide early disposition or "Fast-Track" program in illegal reentry cases. Under this program, certain defendants charged with an illegal reentry offense who promptly pled guilty could be eligible for a downward sentencing departure.

In this case, however, Petitioner was not eligible for the Fast-Track program because Petitioner was charged with a drug-trafficking offense, not illegal reentry. Petitioner has failed to show his counsel was ineffective.

### IV. Conclusion

For the foregoing reasons, Petitioner's § 2255 claims are DENIED with prejudice.

IT IS SO ORDERED.

Signed this 31st day of May, 2013.

*Ed Kinkeade*
ED KINKEADE
UNITED STATES DISTRICT JUDGE